Citation Nr: 1546223 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 11-32 951 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for bilateral pes planus.

2. Entitlement to service connection for a sinus disability, claimed as sinusitis and/or rhinitis, to include as a qualifying chronic disability under 38 C.F.R. § 3.317.

3. Entitlement to an initial evaluation in excess of 30 percent for chronic headache disorder. 


ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel



INTRODUCTION

The Veteran had active service from June 1988 to August 1988, June 1989 to September 1989, and from December 1990 to June 1991, including in the Southwest Asia theater of operations from December 17, 1990, to May 16, 1991.

These matters come before the Board of Veterans' Appeals (Board) from a September 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi and a December 2014 rating decision of the Appeals Management Center in Washington, D.C. The September 2013 rating decision denied entitlement to service connection for bilateral pes planus and entitlement to service connection for sinusitis and rhinitis.

In October 2014, the Board granted entitlement to service connection for headaches, which was effectuated in a December 2014 rating decision from which the Veteran filed a timely notice of disagreement for a higher rating. Entitlement to an initial evaluation in excess of 30 percent for chronic headache disorder is further addressed in the Remand section below. Also in October 2014, the Board remanded entitlement to service connection for a skin condition, claimed as pseudofolliculitis barbae to include as a qualifying chronic disability under 38 C.F.R. § 3.317, entitlement to service connection for headaches, to include as a qualifying chronic disability under 38 C.F.R. § 3.317, entitlement to service connection for a low back disorder with nerve damage, to include as a qualifying chronic disability under 38 C.F.R. § 3.317 or secondary to a left knee disorder, entitlement to service connection for a left knee disorder, to include as a qualifying chronic disability under 38 C.F.R. § 3.317, entitlement to service connection for a right knee disorder, to include as a qualifying chronic disability under 38 C.F.R. § 3.317 or secondary to a left knee disorder and entitlement to a compensable rating for residuals, fracture of left little finger. A review of the record reflects the development directed by the Board regarding the claims remanded in October 2014 has been initially undertaken, but the claims have not been readjudicated and developed for return to the Board. Accordingly, the Board does not have jurisdiction over those claims at this time.

The Board has recharacterized the Veteran's service connection claims for sinusitis and rhinitis more broadly to include any sinus disability to include sinusitis and/or rhinitis. See Brokowski v. Shinseki, 23 Vet. App. 79 (2009) (holding that a claimant may adequately identify the disability for which compensation benefits are sought by referring to a body part or system that is disabled, or by describing the symptoms of that disability).

Additional evidence was received by VA subsequent to the most recent, February 2014, statement of the case issued for the issues herein on appeal. Specifically, such includes additional VA examination reports and VA treatment records. The Veteran did not waive Agency of Original Jurisdiction (AOJ) review of this additional evidence. See 38 C.F.R. § 20.1304(c) (2014). However, if new evidence is submitted with or after a substantive appeal received on or after February 2, 2013, then it is subject to initial review by the Board unless the Veteran explicitly requests AOJ consideration. See VBA Fast Letter 14-02. Here, although the Veteran's substantive appeal for the relevant issues was filed after February 2, 2013, the Board interprets such exception as applying only to evidence submitted by the Veteran. The record does not reflect that the additional evidence was submitted by the Veteran. Nevertheless, as the issues of entitlement to an initial evaluation in excess of 30 percent for a chronic headache disorder and entitlement to service connection for bilateral pes planus are remanded for other matters, the AOJ will have the opportunity to consider such when the claims are readjudicated after the specified development is completed. Also, the additional VA treatment records are not relevant to the Veteran's claim for service connection for a sinus disability, nor are the August 2015 VA examination reports for the skin, sleep apnea, male reproductive system, knee and lower leg and hand and finger. The August 2015 VA gulf war general medical examination report is relevant to the Veteran's claim for a sinus disability. However, such is duplicative of prior evidence, specifically of the finding that there is no evidence the Veteran suffers from any undiagnosed condition or any diagnosed but unexplained chronic multisymptom illness. Thus, a remand to consider such evidence is not warranted.

As noted in the October 2014 Board decision, in an April 2012 statement, the Veteran raised a claim of entitlement to service connection for a lung condition, that has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

The issues of entitlement to an initial evaluation in excess of 30 percent for a chronic headache disorder and entitlement to service connection for bilateral pes planus are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.


FINDING OF FACT

The evidence of record does not show the Veteran has a present sinus disability, to include sinusitis and/or rhinitis


CONCLUSION OF LAW

The criteria for service connection for a sinus disability, claimed as sinusitis and/or rhinitis, have not been met. 38 U.S.C.A. §§ 1110, 1117, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.3.17 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). A VA letter issued in August 2012 satisfied the duty to notify provisions with respect to service connection for a sinus disability including sinusitis and rhinitis and notified the Veteran of the criteria pertinent to the establishment of an effective date and disability rating. 

VA satisfied the duty to assist the Veteran under the VCAA by gathering relevant records. VA has a duty to assist in obtaining the Veteran's service treatment records (STRs), VA medical records and other relevant records. 38 U.S.C.A. § 5103A(c); 38 C.F.R. § 3.159(c). The Veteran's STRs and VA treatment records have been obtained and are associated with the claims file. 

Additionally, VA satisfied the duty to assist the Veteran by providing examinations to the Veteran. Specifically, in August 2013 the Veteran was afforded a Gulf War general medical examination, an examination for sinusitis, rhinitis and other conditions of the nose, throat, larynx and pharynx, and an examination for respiratory conditions. Each examiner interviewed the Veteran, recorded clinical findings, and documented the Veteran's subjective complaints. Thus, the Board concludes that these examination reports are adequate. See Barr v. Nicholson, 21 Vet. App. 303, 307 (2007).

In sum, the Board finds the record as it stands includes adequate evidence to allow the Board to adjudicate the issues on appeal decided herein. Additionally, the Veteran has not identified any relevant evidence that is outstanding with respect to these claims. Accordingly, VA has satisfied its duties to notify and assist the Veteran and appellate review may proceed without prejudice to the Veteran. 

II. Merits of the Claim

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2014). To establish service connection on a direct incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). In service connection claims consideration must be given to all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a) (West 2014); 38 C.F.R. § 3.303(a).

The requirement for a current disability is satisfied if the disability is present at any point proximate to the claim, during the claim, or to the appeal period. See McClain v. Nicholson, 21 Vet. App. 319 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2014). If there is no evidence of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Additionally, there must be a demonstration of symptoms proximate to, or since, the time the application is filed. Gilpin v. West, 155 F.3d 1353, 1356 (Fed. Cir. 1998). 

Additionally, service connection may be warranted for a Persian Gulf veteran who exhibits objective indications of a qualifying chronic disability that became manifest during active military, naval or air service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2016. 38 U.S.C.A. § 1117 (West 2014); 38 C.F.R. § 3.317 (2014). Persian Gulf veteran means a veteran who, during the Persian Gulf War, served on active military, naval, or air service in the Southwest Asia theater of operations, which includes Iraq, Kuwait, Saudi Arabia, the neutral zone between Iraq and Saudi Arabia, Bahrain, Qatar, the United Arab Emirates, Oman, the Gulf of Aden, the Gulf of Oman, the Persian Gulf, the Arabian Sea, the Red Sea, and the airspace above these locations. 38 C.F.R. § 3.317(e). For purposes of section 3.317, there are two types of qualifying chronic disabilities: (1) an undiagnosed illness and (2) a medically unexplained chronic multisymptom illness. 38 C.F.R. § 3.317(a)(2).

In this case, the Veteran has not alleged that his claimed sinusitis and rhinitis are linked to an undiagnosed illness related to his Persian Gulf War service; but instead that such were the result of exposure to oil well fires during such service. However, the evidence of record simply does not establish a current diagnosis for any such disorder, nor does the evidence suggest that he has any sinus disability that constitutes an undiagnosed illness, to include as part of a multi-symptom illness. Moreover, the evidence of record does not contain any evidence of a chronic sinus disability at any time proximate to, or since, the claim. Specifically, the August 2013 VA respiratory examination report noted the Veteran reported an intermittent cough that started after he returned from the Gulf with symptoms of tightness in the chest and a cough with scanty clear to light yellow sputum which sometimes occurred with his sinus complaints. The Veteran reported the frequency of such was every two to three months and lasted two to three days. The Veteran also reported he took something for his sinuses for relief. However, the August 2013 VA respiratory examination report stated, in pertinent part, that the Veteran had a normal chest x-ray, CT chest and pulmonary function test and thus no diagnosis of a lung condition could be made based on today's examination and objective tests as noted above. 

The August 2013 VA gulf war general medical examination report stated, in pertinent part, the Veteran had no undiagnosed illness or multisymptom illness of unknown etiology. The August 2013 VA sinusitis, rhinitis and other conditions of the nose, throat, larynx and pharynx examination report stated the Veteran reported sinusitis every once and a while and characterized this as causing phlegm in the throat. The Veteran also reported no history of known allergies, nasal trauma, loss of smell or taste. However, the August 2013 VA sinusitis, rhinitis and other conditions of the nose, throat, larynx and pharynx examination report found find no clinical or radiologic evidence of acute or chronic sinusitis or rhinitis. Specifically, the August 2013 VA examination stated there was no evidence of disease or abnormality that could be considered secondary to, caused by, a continuation of, or aggravation of, any service related illness, injuries, or environmental hazards and there were no findings that could be related the Kuwait oil field fires. The August 2013 VA examiner further stated there are no current findings of any undiagnosed or unexplained disease pattern found on the nose-sinus examination.

Additionally, VA treatment reports associated with the claims file do not indicate a diagnosis of, or treatment for, a sinus disability including sinusitis and/or rhinitis. The evidence of record, specifically, the August 2013 VA examination reports, contained a subjective complaint of sinus issues such as phlegm in the throat. However, the most probative evidence does not reflect that a diagnosis has been provided with respect to the Veteran's reported symptoms. The Board recognizes the Veteran's belief that he experienced sinus related symptoms. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to a specific sinus disability in this case, the Veteran is not considered competent to provide a diagnosis. The Board highlights that competent statements are limited to that which the Veteran has actually observed and is within the realm of his personal knowledge; such knowledge comes to the Veteran through use of his senses-that which is heard, felt, seen, smelled or tasted. See Layno v. Brown, 6 Vet. App. 465 (1994). It is within the Veteran's realm of personal knowledge whether he experienced occasional phlegm in the throat as evidenced in the record. It is not shown, however, that the Veteran possesses the medical expertise necessary to provide a probative opinion on a complex medical matter such as a diagnosis manifested by occasional phlegm in the throat. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). In contrast, the August 2013 VA examiners have medical training and knowledge and did not provide a diagnosis, even with consideration of subjective complaints. 

Thus, the most probative evidence fails to demonstrate that it is at least as likely as not that the Veteran has a sinus disability to include sinusitis and/or rhinitis. As such, service connection is not warranted. Degmetich v. Brown, 104 F.3d 1328, 1333 (1997) (holding that the existence of a current disability is the cornerstone of a claim for VA disability compensation). As noted above, entitlement to service-connection is specifically limited to cases where disease or injury in service has resulted in a disability and in absence of proof of a present disability there can be no valid claim. Brammer, 3 Vet. App. at 225. 

In sum, the Veteran has not satisfied the necessary element of a present disability, with respect to his sinus disability claim, and thus, further discussion of the in-service incurrence or nexus elements is not necessary. Furthermore, based on the reasons and bases discussed, as the preponderance of the evidence is against the claim, the benefit of the doubt rule is inapplicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Accordingly, service connection is not warranted for a sinus disability, to include sinusitis and/or rhinitis.


ORDER

Entitlement to service connection for a sinus disability, to include sinusitis and/or rhinitis is denied.


REMAND

As noted above, the Veteran has submitted a timely July 2015 notice of disagreement with respect to the December 2014 initial evaluation for a chronic headache disorder. The record does not reflect a statement of the case has been issued for entitlement to an initial evaluation in excess of 30 percent for chronic headache disorder. In circumstances where a notice of disagreement is filed, but a statement of the case has not been issued, the Board must remand the claim to the RO to direct that a statement of the case be issued. Manlincon v. West, 12 Vet. App. 238 (1999). Accordingly, in the circumstances presented in this case, the Veteran should be provided with a statement of the case for entitlement to an initial evaluation in excess of 30 percent for chronic headache disorder.

With respect to the Veteran's claim for bilateral pes planus, an October 2012 VA examiner found the claimed condition was at least as likely as not incurred in or caused by the claimed in-service injury, event, or illness as a review of the claims file documented moderate pes planus on the Veteran's entrance examination but upon current physical examination severe pes planus, thus, the VA examiner found the Veteran's pes planus had worsened since entry into active service. However, the October 2012 examination was conducted over a decade after the Veteran's last separation from service in 1991, thus the VA examiner's rationale is inadequate and lacks probative value. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 

A second VA opinion was obtained with respect to this issue in August 2013. The August 2013 VA examiner stated the claimed condition, which clearly and unmistakably existed prior to service, was clearly and unmistakably not aggravated beyond its natural progression by an in-service injury, event, or illness. The August 2013 VA examiner opined that a review of the claims file found documentation of the Veteran as having pes planus on entry to active service and that the worsening of pes planus and the degenerative changes of bilateral foot were more likely than not an age related progressive condition. However, the VA examiner used an inapplicable burden of proof as the opinion stated the worsening was more likely than not age related. With respect to pre-existing bilateral pes planus shown on August 1987 examination for entrance to service, the opinion must address whether such pre-existing bilateral pes planus underwent a chronic increase in service, beyond the natural progression of the disability.

In view of the foregoing, the Board must find that the October 2012 and August 2013 medical opinions are inadequate for resolution of the Veteran's claim for bilateral pes planus. Once VA has provided a VA examination, it is required to provide an adequate one, regardless of whether it was legally obligated to provide an examination in the first place. Barr, 21 Vet. App. at 307. Therefore, a remand is required in order to obtain an additional medical opinion. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (When the medical evidence of record is insufficient, in the opinion of the Board, or of doubtful weight or credibility, the Board must supplement the record by seeking an advisory opinion, ordering a medical examination, or citing recognized medical treatises that clearly support its ultimate conclusions.).

Accordingly, the case is REMANDED for the following action:

1. Issue a statement of the case pursuant to the notice of disagreement received in July 2015, as to the rating decision in December 2014, which the Veteran is appealing for a higher initial evaluation for a chronic headache disorder. The statement of the case should include a discussion of all relevant evidence considered and citation to all pertinent law and regulations. 

The Veteran must be advised of the time limit in which he may file a substantive appeal. See 38 C.F.R. § 20.302(b) (2014). 

Only if the Veteran completes an appeal with respect to this issue by the timely filing of a substantive appeal should such be certified to the Board for appellate consideration.

2. Return the claims file to the August 2013 VA examiner, or, if the examiner is unavailable, to another suitably qualified examiner, to provide an addendum opinion as to the etiology of the Veteran's bilateral pes planus. The examiner must note that the claims file was reviewed. After a review of the claims file, the examiner must respond to the following: 

Express an opinion as to whether it is at least as likely as not that the pre-existing bilateral pes planus, identified on examination for entrance to service in August 1987, chronically increased in severity during, or due to, any period of active service beyond the natural progression of the disease. 

A clear rationale must be provided for any opinion reached. 

3. After completing the above development and any other development deemed necessary, readjudicate the issue on appeal. If the benefit sought remains denied, provide a supplemental statement of the case to the Veteran, and allow for an adequate period of time for response. Thereafter, return the appeal to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs